UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF ANTONIO BONACCORSO,
by its Special Administrator Amanda Bonaccorso,

      Plaintiff,

      v.                     Case No.

MILWAUKEE COUNTY,

      Defendants.

---

## COMPLAINT

---

NOW COMES THE PLAINTIFF, the Estate of Antonio Bonaccorso by its Special Administrator Amanda Bonaccorso, by its attorneys, Gingras, Thomsen & Wachs by Paul A. Kinne, who hereby states the following as its Complaint in the above-referenced matter.

### NATURE OF PROCEEDINGS

1. This is a civil action under 42 U.S.C. sec. 1983, the Eighth and / or Fourteenth Amendments to the United States Constitution, including but not limited to the Substantive Due Process Clause, brought to redress the defendant's deliberate indifference to serious medical conditions, namely suicide and severe mental illness, at the Milwaukee County Community Reintegration Center, that resulted in the death by suicide of Antonio Bonaccorso.

### PARTIES

2. At all times relevant to this action, Antonio Bonaccorso (Bonaccorso) was an adult resident of the State of Wisconsin. He died on about May 23, 2023. Accordingly, his estate, by Special Administrator Amanda Bonaccorso, is the proper plaintiff.

3. Milwaukee County is a municipal corporation organized pursuant to the laws of the State of Wisconsin. Milwaukee County operates the Milwaukee County Jail and the Milwaukee County Community Reintegration Center (MCCRC).

**JURISDICTION and VENUE**

4. This court has jurisdiction over plaintiff's claims pursuant to 42 U.S.C. sec. 1983, the Eighth and Fourteenth Amendments to the United States Constitution, and 28 U.S.C. secs. 1331 and 1343.

5. Venue in the Eastern District of Wisconsin pursuant to 28 U.S.C. sec. 1391 is proper insofar as the defendant is in this district, and the events giving rise to the claim took place within this district.

**FACTUAL ALLEGATIONS**

6. Milwaukee County operates the Milwaukee County Jail and is responsible for setting policies for the treatment of detainees.

7. On February 18, 2023, Bonaccorso was booked into the MCCRC.

8. Throughout February 2023, staff at MCCRC noted that Bonaccorso was emotionally unstable. Staff noted that Bonaccorso was paranoid, restless, bipolar, impulsive and insomniac.

9. On March 4, 2023, Bonaccorso reported that his conditions of confinement were making it impossible to sustain himself.

10. On March 5, 2023, Bonaccorso reported that he was undergoing a mental breakdown.

11. On March 27, 2023, staff at MCCRC reported that Bonaccorso was delusional and

depressed. Staff noted that Bonaccorso needed supportive counseling and psychotropic medication.

12. Throughout April 2023, Bonaccorso's condition remained the same.

13. On April 21, 2023, Bonaccorso informed staff that he learned his brother was dying.

14. On April 24, 2023, Bonaccorso informed staff that he was severely depressed, and he stated, "I can't do jail anymore."

15. On April 27, 2023, Bonaccorso informed staff that he was having mental health issues and hearing voices.

16. On May 15, 2023, Bonaccorso reports that he was concerned over his safety. He stated, "I am ready to check out and go to the hole for my mental health."

17. On May 17, 2023, Bonaccorso reported that he did not feel safe in the general population and that he was not sleeping. Staff knew that Bonaccorso was not taking medication to treat his major depression.

18. On May 18, 2023, Bonaccorso reported that he had not slept in over a week, and that his mental health was not good; he stated that his depression and anxiety were "out of this world."

19. At about 12:36 p.m. on May 18, 2023, Bonaccorso stated again that he did not feel safe. When a health care worker spoke to a corrections officer about Bonaccorso's concerns for his safety, the officer stated that Bonaccorso would have to raise those concerns himself.

20. On May 19, 2023, Bonaccorso informed a corrections officer that he did not feel safe and that his mental health was suffering in the dorm where he was staying.

21. On May 22, 2023, Bonaccorso reported that he could not stop crying. He told staff

that he feared for his life.

22. On that same day, Bonaccorso's bond hearing was denied.

23. In the days leading up to May 23, 2023, Bonaccorso told his mother that he wanted to kill himself. Upon information and belief, personnel at MCCRC heard that conversation but took no action in response.

24. On May 23, 2023, MCCRC transferred to Bonaccorso to a segregation cell; specifically to cellblock B2.

25. All inmates in this section of MCCRC, including Bonaccorso, were to be checked every 30 minutes by a corrections officer by means of a "full tour." A full tour means walking down the catwalk on the single cell side, actually inspecting every cell.

26. That morning, Bonaccorso informed another inmate that Bonaccorso intended to kill himself.

27. Also, that morning, Bonaccorso was having difficulty breathing. A MCCRC officer took Bonaccorso to health services so Bonaccorso could use his inhaler.

28. Another reason Bonaccorso was in cellblock B2 was to be medically observed relative to his breathing problems.

29. At 1:45, officers at MCCRC performed a full tour of Block B2. Bonaccorso was still alive at that time.

30. At about 2:15, another full tour was supposed to be conducted. It was not conducted.

31. At about 2:43, an officer reported finding Bonaccorso unresponsive with a sheet tied around his neck.

32. In the eleven months preceding May 25, 2023, the Milwaukee County Jail had four in-custody deaths. Three of those deaths occurred between January and the end of May, 2023.

33. There were at least five in-custody deaths between 2018 and 2022.

34. The Milwaukee County policies, procedures and practices for suicide prevention and mental health assessments caused Bonaccorso's death. It was the known common practice not to conduct actual cell checks every 30 minutes for at-risk inmates.

35. Training for Milwaukee County Corrections Officers, as a matter of policy, procedure and practice, caused Bonaccorso's death. Officers were not trained to perform full tours of at risk inmates.

36. Staffing, as a matter of policy, practice or procedure, was known to be inadequate at the MCCRC. There was insufficient to staff to monitor Bonaccorso properly, causing his death.

## CAUSE OF ACTION AGAINST MILWAUKEE COUNTY
## DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED
## OFFICIAL CAPACITY CLAIM

37. Plaintiff states the preceding paragraphs as if set forth fully herein.

38. Milwaukee County's knowing failure to have policies, procedures, training and / or protocols by which suicide or mental health care risk could be identified and by which at-risk prisoners could be monitored for suicide prevention or other urgent medical conditions violated Antonio Bonaccorso's rights as set forth in the Eighth and / or Fourteenth Amendments to the United States Constitution, as such failure demonstrates a deliberate indifference to a known serious medical condition.

39. Milwaukee County's knowing failure to have policies, procedures, training and / or protocols by which inmates suffering from serious mental health issues received prompt medical

care violated Antonio Bonaccorso's rights as set forth in the Eighth and / or Fourteenth Amendments to the United States Constitution, as such failure demonstrates a deliberate indifference to a known serious medical condition.

40. Milwaukee County's conduct alleged in the previous two paragraphs caused Antonio Bonaccorso severe and permanent physical, emotional, psychological and economic injuries, including death.

WHEREFORE, the plaintiff demands a trial by jury and the following relief:

1. Judgment in an amount sufficient to compensate the plaintiff for his injuries and losses;

2. Equitable relief designed to prevent future violations of the law;

3. Pre- and post-judgment interest;

4. An award of attorneys' fees and costs; and

5. Any other relief the Court deems just to award.

Dated this 26th day of November, 2024.

**GINGRAS THOMSEN & WACHS LLP**
Attorneys for Plaintiff

*s/ Paul A. Kinne*
Paul A. Kinne
State Bar Number: 1021493

8150 Excelsior Drive
Madison, WI 53717
Phone: (608) 833-2632
Fax: (608) 833-2874
Email: kinne@gtwlawyers.com